# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JASON CRAFT** | * | **CIVIL ACTION NO. : _____** |
| **VERSUS** | * | **JUDGE:** |
| **JEFF DAVIS PARISH, SHERIFF IVY WOODS** in his official capacity as a duly Commissioned Sheriff for Jeff Davis Parish, **DUSTIN LOCKE,** individually and in His official capacity as a duly commissioned Warden for Jeff Davis Parish Sheriff's Department, **JASON CARTWRIGHT And JOHN KURTZ** | * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAKE CHARLES DIVISION:

## INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana against Jeff Davis Parish, Sheriff Ivy Woods in his official capacity as a duly commissioned Sheriff for Jeff Davis Parish, Warden Dustin Locke, individually and in his official capacity as a duly commissioned Warden for Jeff Davis Parish Sheriff's Department, and Jason Cartwright and John Kurtz, both individually and in their official capacities as deputies of the Jeff Davis Parish Sheriff's Department.

## STATEMENT OF JURISDICTION AND VENUE

1. This Honorable Court has federal question jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. 1331, 1332, 1343 (a)(1), (2) and (4) and 42 U.S.C. § 1983.

2. Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

3. Plaintiff brings this action to redress the deprivation under the color of state law of rights, privileges and immunities secured to him by provisions of the United States Constitution.

4. Venue is proper with this Honorable Court as at all material times, the events giving rise to this litigation occurred in this District, and all parties reside in same.

## **PARTIES**

5. Plaintiff, Jason Craft initiates the instant suit. Made defendants in this action are:

6. Defendant, Jeff Davis Parish is a political subdivision of the State of Louisiana; Sheriff Ivy Woods, (hereinafter "Sheriff Woods"), is the Sheriff of Jeff Davis Parish and as the employer of Warden Dustin Locke, Sheriff Ivy Woods, and Jeff Davis Parish are liable for the acts and omissions under the doctrine of *respondeat superior*. Jeff Davis Parish may be served through the President of its Police Jury, at 300 N. State St., Jennings, Louisiana. Sheriff Ivy Woods and Warden Locke may be served at 1530 Hwy, 90, W, Jennings, Louisiana 70546, Jason Cartwright, who may be served at 3382 L. Benoit Rd., # 15, Lake Charles, Louisiana, 70605, and John Kurt, who may be served at 3484 Lantz Rd., Jennings, Louisiana 70546.

7. Defendant, Ivy Woods, enjoys formal authority and control over the conduct of the defendant Warden/Officer herein. Sheriff Ivy Woods is a policy-maker with respect to the official *modus operandi* of the Jeff Davis Parish Sheriff's Department, including the specific conduct

complained of herein. Ivy Woods is a person of the full age of majority who can be served at 1530 Hwy. 90 W, Jennings, Louisiana, 70546. Sheriff Woods is sued in his individual and official capacities.

8.  Defendant, Warden Dustin Locke was at all times relevant herein an officer employed by the Jeff Davis Parish Sheriff's Department. At all pertinent times herein Mr. Locke was acting in his capacity as an agent, servant, and employee of the defendant Jeff Davis Parish Sheriff's Department, and within the scope of his employment as such. Mr. Locke is a person of the full age of majority who can be served at1530 Hwy. 90 W, Jennings, Louisiana, 70546. Warden Dustin Locke is being sued in his individual and official capacities.

9.  Defendants, Jason Cartwright and John Kurtz, were at all times relevant herein, all law enforcement officials herein acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of their employer named herein, and otherwise performed and engaged in conduct incidental to their performance of their lawful functions in the course of their duties.

10.  In defiance of the clear constitutional command, the Defendants have at all times relevant herein, promulgated, implemented, enforced and/or failed to rectify a policy, practice and custom allowing officers and deputies to engage in the sort of constitutional violations averred herein without proper oversight or sufficient corrective action. This policy or custom has resulted in the violation of the most fundamental rights of the Plaintiffs' decedent herein. As a direct and proximate result of the acts described herein effected pursuant to this policy or custom, the plaintiff has suffered severe psychological pain and suffering, mental anguish, loss of wages and other expenses and damages to be shown at the trial of this matter.

**STATEMENT OF FACTS**

11.  Plaintiff was housed at the Jeff Davis Parish jail, a medium security detention center, on July 2, 2019. He was housed in general population, despite his booking for 1st degree rape.

On July 3, 2019, Craft was involved in two separate physical incidents, leaving him with extensive injuries. The first incident took place around dinner time. The guards, defendants Cartwright and Kurtz, pointed Craft out to one of the trustees. Sometime afterward Craft was attacked by numerous inmates. During this incident Craft passed out underneath one of the bunk beds. He was awoken to the guards shouting profanities and commanding him to get up. He was then escorted to a second cell. On the way to the second cell Craft requested numerous times for medical attention. The guards denied Craft medical attention and threatened to pepper spray him. Craft was hesitant to enter the cell because he feared another attack would follow. The second cell Craft was escorted to the only cell in the area without any lights. Shortly after entering the cell, the guards told the inmates, "try not to kill him." Craft was then brutally attacked for a second time. During this incident hot, boiled water was thrown on his legs and feet. The beating was so severe Craft lost consciousness for a second time.

12.     He later awoke in a pool of blood, while surrounded by Cartwright and Kurtz, who were laughing. Cartwright and Kurtz then commanded Craft to get up and head to the shower. Craft again pleaded for medical attention but was again denied. Once Craft entered the shower area, inmates threatened to rape him with a mop handle. In response to the threat, a guard retrieved a mop and gave it to an inmate to, "clean up the mess." Craft was then told he would be brought to a third cell and wasn't going to exit it. Due to the severity of his injuries, Craft was transported to the American Legion Hospital for treatment. Craft was evaluated and diagnosed with second degree burns, abrasions, contusion of eye, edema, large laceration to right mandible area and pain in left shoulder Medical notes provide that Craft lost consciousness during the Jeff Davis Parish Detention Center attack.

13.     Craft received diagnostic testing and treatment for his injuries. At discharge Craft received information regarding his treatment plan and how to care for second degree burns. He was instructed to follow up in 48 hours.

14.     After discharge, Craft was transported back to Jefferson Davis Parish Detention

Center. He was placed inside of a visitation cell. The guards placed a mattress on the floor for Craft to use while he occupied said room. The arrangements were not conducive for proper healing. As a result, Craft was subjected to further pain.

15. Craft was transported to Lourdes Hospital two days later for a follow up. His dressing was changed during this follow up visit. Doctors were informed that Craft was unable to change or care for his dressing at the current facility, due to lack of medical personnel. Craft was given educational information regarding how to properly care for his burns. The doctor informed Craft that his dressing needed to be changed 2 times a day. Craft was prescribed topical cream, which was to be stored inside of a refrigerator. Jefferson Davis Parish Detention Center subsequently failed to safely store Craft's medication for his second-degree burns.

16. The failure to provide the Mr. Craft with reasonable and adequate medical care was a violation of his Eighth and Fourteenth Amendment right against cruel and unusual punishment and a failure to meet the Sheriff's Department obligation/duty under Louisiana Law.

17. As a direct and proximate result of the said incidents by the Defendants, Mr. Craft, suffered the denial of his right to Due Process.

18. As a direct and proximate result of the said incidents by the Defendants, Mr. Craft, suffered the following injuries and damages:

(a)   Loss of his physical liberty;

(b)   Severe physical pain and suffering;

(c)   Mental anguish, and emotional pain and suffering;

(d)   Economic Loss.

19. The actions of the defendant Warden violated the following, clearly established and well-settled federal constitutional rights of Jason Craft to be:

(a)   Freedom from cruel and unusual punishment; and

25

(b)   Freedom from deprivation of life or liberty without due process of law.

## COUNT ONE:

## CAUSE OF ACTION UNDER 42. U.S.C. SEC. 1983

20.   Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

21.   Plaintiff's claims damages for the injuries and damages for the injuries set forth above under 42 U.S.C. 1983 against the defendants, as duly commissioned law enforcement officers for the Jeff Davis Parish Sheriff's Department ("JDPSD") for violation of Mr. Craft's constitutional rights under Color of Law.

## COUNT TWO:

## CAUSE OF ACTION UNDER 42. U.S.C. SEC. 1983 AGAINST JEFF DAVIS PARISH

22.   Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23.   Prior to July 3, 2019, the JDPSD, which is operated by Jeff Davis Parish and overseen by Sheriff Ivy Woods, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the people jailed in its facilities which caused the violation of Jason Craft's rights. As previously referenced, defendants had subjective knowledge of substantial risk of serious harm to Jason Craft, but responded with deliberate indifference to that risk by not providing the required medication and treatment for his medical conditions.

24.   It was the policy or custom of the Jeff Davis's Sheriff's Department to inadequately supervise and or train its police officers including the defendant officers thereby failing to adequately discourage further constitutional violations on the part of its Deputies/Wardens.

25.   As a result of the above policies and or customs, Deputies/Wardens of the Jeff Davis Police Department, including the defendant Deputies, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described policies and customs demonstrate a deliberate indifference on the part of policy makers of the Jeff Davis Sheriff's Department to the constitutional rights of persons housed within its facilities and were the cause of the violations of Mr. Craft's rights alleged herein.

## COUNT THREE:

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Further, plaintiffs specifically allege defendant, Sheriff Ivy Woods, individually and in his official capacity condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiffs constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

(a) Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by him;

(b) Condoning and allowing behavior that has been declared unconstitutional and unlawful; and,

(c) Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens constitutional and civil rights, including those of plaintiff.

29. As a result of their unlawful and unconstitutional conduct, defendants, Sheriff Ivy Woods and Warden Dustin Locke, in their individual capacities and as duly commissioned law enforcement officers for the Jeff Davis Parish Sheriff's Department, and the Jeff Davis Parish Sheriff's Department, individually and *in solido*, deprived Decedent of his liberty without due process of law and in violation of the Fourth Amendment and Fourteenth Amendment and 42 U.S.C. 1983. Said defendants are liable, individually, jointly and *in solido*, unto plaintiffs for damages, including past, present and future pain and suffering, past, present and future mental anguish, putative damages and attorney's fees. That the

actions of the defendants' employees to Jason Craft is imputed to defendants, Warden Dustin Locke, and Jeff Davis Parish Sheriff's Department, as their employer and said defendants are liable to Plaintiffs jointly, individually and *in solido* for such damages.

30. The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused humiliation, pain and suffering and mental anguish to your Plaintiff constitute wrongful and intentional torts under Louisiana Civil Code Article 2315, and constitutional torts under the Louisiana Constitution of 1974.

31. The defendant, Ivy Woods, individually and officially, acted in violation of Louisiana Civil Code Article 2315 by negligent hiring, training, supervision and disciplining of the defendants.

32. The defendant, Warden Dustin Locke, individually and officially, acted in violation of Louisiana Civil Code Article 2315 by failing to properly oversee his employees, failing to render aid, failing to act as a reasonable prudent Warden would have acted in a similar situation, depriving Mr. Craft of proper medical attention.

33. Defendants Jason Cartwright and John Kuntz ….

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violation of his civil rights under 42 U.S.C 1983 and the First, Fourth, Ninth and Fourteenth Amendments to the Constitution of the United State of America and violations of his rights under the Constitution of the State of Louisiana of 1974 and the Statutes thereof imposed upon plaintiff by defendants, individually and or collectively, as set forth herein above, plaintiff suffered extreme prejudice, unlawful detention, pain and suffering and severe mental anguish.

**WHEREFORE**, Plaintiff, Jason Craft, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages in an amount of or in excess of $1,000,000.00 and attorney's fees, along with punitive damages, in reasonable amounts to be

28

determined by this Court, against Defendants, and court costs, as well as any other relief this Court deems just and appropriate. Further, Plaintiff requests trial by jury for all matters.

Respectfully submitted,

**DORAN & CAWTHORNE, P.L.L.C.**

/s/ Pride J. Doran
Pride J. Doran, #25035
Quincy L. Cawthorne, #29791
Orelia R. Lawdins, #36766
521 E. Landry Street (70570)
Post Office Box 2119
Opelousas, Louisiana 70571
Phone: (337) 948-8008
Fax: (337) 948-0098

Attorneys for Jason Craft, Plaintiff

**PLEASE SERVE**:

Jeff Davis Parish
Through: Pres. Donald Woods
321 E. Plaquemine St.
Jennings, Louisiana 70546

Sheriff Ivy Woods
1530 Hwy. 90 W.
Jennings, Louisiana 70546

Warden Dustin Locke
1530 Hwy. 90 W
Jennings, Louisiana 70546

Jason Cartwright
3382 L. Benoit Rd., # 15,
Lake Charles, Louisiana, 70605, and

John Kurtz
3484 Lantz Rd.
Jennings, Louisiana 70546.