## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**JASON CRAFT**                              **CASE NO.  2:20-CV-00853**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**PARISH OF JEFF DAVIS ET AL**               **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 41] filed by defendant Jefferson Davis Parish ("Parish"). The motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from the alleged maltreatment of plaintiff while he was a detainee at the Jefferson Davis Parish Jail in July 2019. Specifically, plaintiff asserts that he was deliberately exposed to assault from other inmates in two separate incidents and then denied adequate medical care. As a result he filed suit against the Parish, Sheriff Ivy Woods, Warden Dustin Locke, Deputy Jason Cartwright, and Deputy John Kurtz, raising claims under 42 U.S.C. § 1983 against all defendants based on alleged violations of the Eighth and Fourteenth Amendments as well as claims against the individual defendants under Louisiana law. Doc. 1.

The Parish now moves for summary judgment, asserting that it cannot be held liable for plaintiff's § 1983 claims because the Sheriff, a separate juridical entity, is responsible for jail operations and all policy decisions relating to inmate care. Doc. 41. Plaintiff's time

for filing a response to the motion has passed and the court has received no opposition. *See*

docs. 58, 63. Accordingly, the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." The moving party is initially responsible for identifying

portions of pleadings and discovery that show the lack of a genuine issue of material fact.

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by

pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at

249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on

a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

The Supreme Court set forth the elements of municipal liability under § 1983 in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A successful claim requires proof of the following: a policymaker, an official policy, and a constitutional violation whose "moving force" is the policy or custom. *Id.* at 694. Because municipal liability cannot be predicated on a theory of *respondeat superior*, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur [and] isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Failure to train provides a basis for municipal liability when the plaintiff can show: (1) the city failed to train or supervise the officers involved, (2) there is a causal connection between the alleged failure and the alleged violation of plaintiff's rights, and (3) the failure constituted deliberate indifferent to plaintiff's civil rights. *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). The standard for municipal fault is a "stringent one," and plaintiff usually must allege "a pattern of similar violations by untrained employees" in order to demonstrate deliberate indifference. *Id.*

Here the Parish shows, via an uncontested affidavit from the Assistant Secretary-Treasurer of the Jefferson Davis Parish Police Jury, that the Parish "makes no policy decisions with regard to the management of the jail or the policies regarding custodians of

the jail, nor does it have any control over the inmates of the jail, the employees of the jail, or the daily management or operations of the jail, other than physical maintenance at the jail." Doc. 41, att. 2. The affidavit also demonstrates that the Parish's role in inmate medical care is limited to paying invoices approved by the Sheriff or Warden, and that the Parish never denies payment for these approved invoices or confers with the Sheriff or Warden to determine whether medical care will be approved. *Id.* Any *Monell* liability claim must therefore be directed at the Sheriff, a separate juridical entity, and summary judgment should be granted as to the § 1983 claims asserted against the Parish.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 41] will be **GRANTED** and all claims against Jefferson Davis Parish will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 16th day of February, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**