UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JASON CRAFT #767231** | **CASE NO. 2:20-CV-00853** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PARISH OF JEFF DAVIS ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court are four motions through which pro se plaintiff Jason Craft ("Plaintiff") and defendants Sheriff Ivy Woods and Warden Dustin Locke ("Defendants")[1] seek relief relating to discovery and briefing deadlines. The court previously imposed a stay of all pending deadlines on November 14, 2024. Doc. 124. Having conducted a status conference on December 11, 2024 [doc. 131], it is hereby **ORDERED** that the stay is **LIFTED** and briefing deadlines are reset as indicated herein. For the reasons that follow, it is **FURTHER ORDERED** that:

- Plaintiff's Motion to Compel Discovery [doc 98] is **GRANTED IN PART**, insofar as Defendants are to re-send their responses to Plaintiff's Interrogatories, Requests for Admission and Requests for Production to plaintiff by April 15, 2025. The motion to compel is otherwise **DENIED** without prejudice.

- *Defendants' Motion for Enlargement of Time in Which to Oppose Plaintiff's Motion for Summary Judgment* [doc. 112] is **GRANTED**. It is **FURTHER ORDERED** that Defendants shall file a response to Plaintiff's Motion for Summary Judgment [doc. 11] by April 30, 2025, to which Plaintiff may file a reply by May 12, 2025.

---

[1] This Order does not pertain to dismissed defendant, Jefferson Davis Parish. See doc. 67.

1

- *Plaintiff's Motion to Stay Summary Judgment, Motion for Leave to Join Persons Needed for Just Adjudication to Amend and Consolidate, and Motion for Leave for Additional Discoveries, by Jason Craft* [doc. 119] is **DENIED.**

- Defendants' Motion to Stay Discovery [doc. 125] is **GRANTED IN PART**, such that all further discovery in this matter is hereby **STAYED** except for discovery narrowly tailored to uncover facts needed to rule on Defendants' qualified immunity claim.

- It is **FURTHER ORDERED** that the parties shall have until May 30, 2025, to conduct limited discovery pertaining to Defendants' assertions of qualified immunity, at the conclusion of which, Plaintiff will respond to Defendants' motion for summary judgment on or before June 20, 2025, to which Defendants may reply by June 30, 2025.

## DISCUSSION

A.     **Plaintiff's Motion to Compel Discovery**

In his *Motion to Compel Discovery* [doc. 98], plaintiff Jason R. Craft seeks responses to Requests for Admission, Requests for Production, and Interrogatories, which he sent to Defendants on or about June 18, 2024. Various documents filed into the record suggest that there were mail-related delays in defendants' receipt of plaintiff's Requests for Admission and Interrogatories and in plaintiff's receipt of defendant's discovery responses. *See, e.g.*, docs. 112, 114, 130.

On December 11, 2024, the court conducted a telephone status conference with the parties, and the court is satisfied that the issues affecting the receipt of mail have largely been resolved at this time. The court also understood from the parties' discussion that Defendants had by that time received and responded to all of Plaintiff's pending discovery requests, but Plaintiff was not certain of this because he did not have his records with him during the call. Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Discovery is **GRANTED IN PART**, insofar as Defendants are

2

ordered to re-send their responses to plaintiff's Interrogatories, Requests for Production, and Requests for Admission to plaintiff by April 15, 2025.[2] The motion to compel is otherwise **DENIED** without prejudice to Plaintiff's right to raise any specific objection to the adequacy of Defendants' responses.

**B.**     **Defendants' Motion for Extension**

In the *Defendants' Motion for Enlargement of Time in Which to Oppose Plaintiff's Motion for Summary Judgment* [doc. 112], Sheriff and Warden seek additional time to respond to Jason Craft's motion for summary judgment [doc. 100]. The Sheriff and Warden note that the motion for summary judgment is predicated in part upon "what the Plaintiff considers deemed admissions – the responses to which have been sent on two occasions after receiving the first transmission as failed and unable to forward." Doc. 112. It is therefore **ORDERED** that the motion is **GRANTED**. It is **FURTHER ORDERED** that Defendants shall file a response to Plaintiff's Motion for Summary Judgment [doc. 100] by April 30, 2025, to which Plaintiff may file a reply by May 12, 2025.

**C.**     **Plaintiff's Motion to Stay**

The court next addresses the *Motion to Stay Summary Judgment, Motion for Leave to Join Persons Needed for Just Adjudication to Amend and Consolidate, and Motion for Leave for Additional Discoveries, by Jason Craft*. Doc. 119. Plaintiff argues that the court's consideration

---

[2] It is unclear from the record whether Defendants have answered Plaintiff's June 2024 Interrogatories, but this Order assumes that they have done so. In their opposition briefing, Defendants indicated that they had never yet received Craft's Interrogatories directed to the Sheriff and Warden. Doc. 114, p. 2. Plaintiff's First Set of Interrogatories to the Sheriff and Warden are attached to the Motion to Compel, which was filed into this record. Doc. 98, att. 3, p. 8. Defendants attach their responses to plaintiff's Requests for Admissions and Requests for Production as exhibits to their response to the motion to compel, but not their responses to plaintiff's Interrogatories. Doc. 114, atts. 1, 2, 6, 7. If Defendants have not yet responded to some portion of Plaintiff's June 2024 written discovery requests and feel that they are entitled to withhold responses because of their assertions of qualified immunity, they must explicitly address that issue with the court via written motion.

of the pending motions for summary judgment should be stayed to allow Plaintiff to more fully support his own motion for summary judgment and to add additional defendants.

It is hereby **ORDERED** that the motion to stay is **DENIED**, except insofar as this order grants both Plaintiff and Defendants additional time to respond to pending motions and additional time to conduct limited discovery. The court's consideration of the pending motions for summary judgment will go forward after the briefing schedule set forth herein. This ruling is made without any prejudice to Plaintiff's right to amend his complaint to add defendants or otherwise, and without prejudice to Plaintiff's right to file a new motion for summary judgment based on newly-discovered evidence.

### D. Defendants' Motion to Stay Discovery

In their Motion to Stay Discovery, the Sheriff and Warden seek to stay discovery pending this court's ruling on their assertions of qualified immunity. Doc. 125. The Sheriff and Warden formally raised the issue of qualified immunity in their Motion for Partial Summary Judgment [doc. 60]. Defendants did not test the sufficiency of plaintiff's Complaint via motion to dismiss. When qualified immunity is raised via motion for summary judgment and the court is "unable to rule on the immunity defense without further clarification of the facts," is appropriate to limit discovery to the issue of qualified immunity so that qualified immunity can be addressed as expeditiously as possible via summary judgment. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024). Here, narrow discovery is required to assess the defendants' assertions in the motion for summary judgment that they are entitled to qualified immunity. Specifically, a key assertion in their motion for summary judgment is that there is no evidence that Defendants had the requisite knowledge to be liable for Plaintiff's claims:

> Further, qualified immunity (and a granting of summary judgment) is appropriate because Defendants cannot be held liable for constitutional violations committed

>by their subordinates because there is no evidence that they knew that either Kurtz or Cartwright planned to assault the Plaintiff, and were in no position to take any preventative measures.

Doc. 60, att. 1, p. 28.

Accordingly, the motion to stay discovery is **GRANTED IN PART**, such that further discovery in this matter is hereby **STAYED** except for discovery "narrowly tailored to uncover those facts needed to rule on the immunity claim." *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024). It is **FURTHER ORDERED** that the parties shall have until May 30, 2025, to conduct limited discovery pertaining to Defendants' assertions of qualified immunity, at the conclusion of which, Plaintiff shall respond to Defendants' motion for summary judgment [doc. 60] on or before June 20, 2025, to which Defendants may reply by June 30, 2025.

**SO ORDERED** at Lake Charles, Louisiana, this 31st day of March, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**