**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| JASON CRAFT | CIVIL ACTION NO. 20-0853 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| PARISH OF JEFF DAVIS, ET AL. | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b), Record Document 181, filed by the plaintiff, Jason Craft ("Craft"). Craft, claiming a denial of due process, asserts that the Magistrate Judge erred when he issued a memorandum order, Record Document 174, without a report and recommendation and did not give him an opportunity to challenge the finding. Record Document 181 at 1-3. Craft also details alleged errors made by the Magistrate Judge in his ruling. For the following reasons, Craft's Motion for Relief is **DENIED**.

Federal law affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A request for sanctions is among the nondispositive matters which a magistrate judge may decide. 28 U.S.C. § 636(b)(1)(A). Furthermore, despite its title, Craft's motion was, effectively, a motion to compel with an overarching conclusory request for sanctions, as was noted by the Magistrate Judge in his memorandum order denying plaintiff's motion. If Craft found the result of the Magistrate Judge's order unsatisfactory, he could have timely appealed to this court to review the decision

pursuant to Federal Rule of Civil Procedure 72(a). As such, Craft's current claim that the Magistrate Judge lacked authority to issue an order regarding his motion is without merit.

Alternatively, this Court could construe Craft's filing as an appeal from the Magistrate Judge's memorandum order. Federal Rule of Civil Procedure 72(a) requires an appeal to be filed within fourteen days after being served with a copy of the disputed ruling. *See* Fed. R. Civ. P. 72(a). The ruling was issued on March 30, 2026, mailed to plaintiff, and plaintiff's motion was filed on April 16, 2026. *See* Record Documents 174 and 181. Therefore, this Court will review the merits of Craft's filing out of an abundance of caution.

Rule 72 allows a party to appeal a non-dispositive order to the district court and requires a district court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Drabovskiy v. Young*, No. 09-CV-397, 2009 WL 3925315, at *1 (W.D. La. Nov. 18, 2009). "An order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

This Court has thoroughly reviewed Craft's original motion for evidentiary sanctions, the Magistrate Judge's memorandum order denying Craft's motion, the

"appeal," the opposition, and the reply, and does not find any portion clearly erroneous or contrary to law.

Accordingly;

**IT IS ORDERED** that Craft's Motion for Relief from Judgment Under FRCP 60(b), Record Document 181, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of July, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE
