**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

---

JASON CRAFT                                    CIVIL ACTION NO. 20-0853

VERSUS                                          JUDGE ALEXANDER C. VAN HOOK

PARISH OF JEFF DAVIS, ET AL.        MAGISTRATE JUDGE LEBLANC

---

**MEMORANDUM ORDER**

This litigation began over six years ago with the filing of a complaint by Jason Craft ("Craft"), alleging that he was beaten and burned with hot water while a pretrial detainee in the custody of the Jefferson Davis Parish Consolidated Jail. Recently, this lawsuit was reassigned to the undersigned who has resolved several outstanding motions. Record Document 170.  But many more litigation events are forthcoming. To facilitate bringing the matter to a long overdue conclusion, the Court advises the parties as follows:

The briefing in this case has often been less than professional. Counsel for defendants Sheriff Woods and Warden Locke have used wrong party names and incorrect pronouns in their pleadings, reflecting sloppy copy and paste efforts from other pleadings. *See, e.g.*, Record Document 60-1 at 4, 18 and 19. Such inferior work is unacceptable for licensed practitioners in federal court and causes confusion when trying to analyze issues in this case. The Court expects counsel to strictly comply with the federal and local pleading rules, accurately name the parties, and support their arguments with reasoning and pinpoint legal citations.

Meanwhile, Craft, who proceeds pro se, has littered his pleadings with conclusory allegations lacking any citation to competent and admissible evidence. In general, courts have a traditional disposition of leniency toward pro se litigants. *Davis v. DSO F. Hernandez, et al.*, 798 F.3d 290, 293 (5th Cir. 2015) (collecting cases). However, leniency does not mean such plaintiffs may ignore all pleading requirements. *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) As *Gordon* instructs, district courts have wide discretion and are encouraged to require the parties to correct the deficiencies in their pleadings to be able to rely upon them in ruling on the merits. *Id.* Although Craft's claims will be carefully considered, the Court will not suffer conclusory pleadings not supported by fact or law. Many of Craft's pleadings use lots of archaic words with complex phrasing, rambling on and on and saying little to nothing. Craft is directed to be concise in his filings and avoid the use of boilerplate language not related to this case.

In its April 21, 2026 Order (Record Document 182), the Court requested that both parties deliver a discovery log so the Court could determine the current state of the discovery responses and what issues remained outstanding. The Magistrate Judge previously required the defendants to file a motion if they desired to withhold responses to Craft's interrogatories as not relevant to the issue of qualified immunity. *See* Record Document 135 at 3 n.2. As no such motion was ever filed, the defendants were obligated to respond to those interrogatories.

Since Craft's log reflects defendants' continued failure to respond to several interrogatories without objection or explanation, the Court was expecting defendants

to address those discrepancies in their discovery log. Instead, and after being granted an extension of time to file their response, the defendants elected to refer the Court to their previous discovery filing in 2024 (Record Document 189), providing the Court with no clarity or explanation for their continuing failure to respond. Ignoring the Magistrate Judge's order and this Court's order regarding the discovery log is unacceptable and will not be tolerated. Moving forward, such dismissive behavior could result in sanctions.

As for defendants Jason Cartwright ("Cartwright") and John Kurtz ("Kurtz"), who have seemingly absconded, they are, again, ordered to participate in this litigation and are put on notice that failure to respond to any future pleadings and court orders may result in a default judgment against them.

Craft's remaining federal claims in this case are against Sheriff Woods in his official capacity, and against Cartwright and Kurtz in their individual capacities. All other federal claims have been dismissed with prejudice. Nothing in the Court's previous rulings affect Craft's state law claims.

The Court will issue a new scheduling order wherein discovery on all issues other than qualified immunity will be reopened.  The defendants will be expected to respond with full production or timely objection to Craft's discovery requests. Craft will be expected to narrowly tailor any additional discovery requests only to information directly relating to his remaining claims or defenses that have been invoked by the defendants. Fishing expeditions will not be tolerated. *See* Fed. R. Civ.

P. 26(b) (scope of discovery).  Any deviations from these directives will be met with disfavor and possible sanctions.

**DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE