**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| JASON CRAFT | CIVIL ACTION NO. 20-853 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| PARISH OF JEFF DAVIS ET AL | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM ORDER**

The plaintiff, Jason Craft ("Craft"), filed an application for default judgment against two defendants, Jason Cartwright ("Cartwright") and John Kurtz ("Kurtz"). Record Document 228. Cartwright and Kurtz have not appeared for years, despite multiple orders to do so. *See, e.g.*, Record Document 199 at 3. The clerk of court filed a notice of entry of default against Cartwright and Kurtz. Record Document 232. The other two defendants who have appeared and defended themselves, Sheriff Ivy Woods ("Sheriff") and Warden Dustin Locke ("Warden"), filed a response to Craft's application and a motion "to limit the effect of any default and defer any default judgment." Record Document 234. For the following reasons, the Response to Plaintiff's Motion for Entry of Default, and Motion to Limit the Effect of Any Default and Defer Any Default Judgment, Record Document 234, is **DENIED**.

Through their response and motion, the Sheriff and Warden seeks what amounts to a preemptive denial of a motion for default judgment that Craft has not yet filed. The Sheriff and Warden argue that if a default judgment is awarded against Cartwright and Kurtz, who have been accused of excessive force, it could result in an

inconsistent judgment because the Sheriff and Warden have denied that the alleged assault occurred as pleaded. Record Document 234 at 3.

Their point is well taken. The United States Court of Appeals for the Fifth Circuit, and district courts in the Fifth Circuit, have denied motions for default judgment where it could result in an inconsistent judgment against the remaining defendants. *See, e.g.*, *Merchants Bonding Co. Mut. v. Marsh Buggies, Inc.*, No. 26-721, 2026 WL 3012406, at *2 (E.D. La. Oct. 7, 2026) ("[C]ourts should refrain from entering a default judgment until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) ("When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant.").

But Craft has not moved for default judgment, yet. And until he does, this Court cannot rule on whether the default judgment against Cartwright and Kurtz conflicts with the position of the Sheriff and Warden. *See N.Y. Life Ins. Co v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (explaining that the process for default involves three steps, including the entry of default judgment). Therefore, the Response to Plaintiff's Motion for Entry of Default, and Motion to Limit the Effect of Any Default and Defer Any Default Judgment, Record Document 234, is **DENIED** as premature.

**DONE AND SIGNED** at Shreveport, Louisiana, this 15th day of October, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE