**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| JASON CRAFT | CIVIL ACTION NO. 20-0853 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| PARISH OF JEFF DAVIS, ET AL. | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Before the Court is a motion for default judgment, Record Document 244, filed by the plaintiff, Jason Craft ("Craft"), against the defendants, Jason Cartwright ("Cartwright") and John Kurtz ("Kurtz"). The Clerk of Court previously entered defaults against Cartwright and Kurtz, who absconded and have not participated in this case for years. *See* Record Documents 199, 232. The remaining defendants who have actively defended against this civil action, Sheriff Ivy Woods ("Sheriff Woods") and Warden Dustin Locke ("Warden Locke"), ask that default judgment against Cartwright and Kurtz be denied until the claims against Sheriff Woods and Warden Locke are resolved. Record Document 234 at 3-4. For the following reasons, the motion for default judgment, Record Document 244, is **DENIED WITHOUT PREJUDICE**.

This case involves multiple defendants, some defaulting, but others not. "When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). To do otherwise

"risks entering a future judgment on the merits that is inconsistent with the default judgment, a situation described by the Supreme Court as unseemly and absurd." *Merchants Bonding Co. Mut. v. Marsh Buggies, Inc.*, No. 26-721, 2026 WL 3012406, at *2 (E.D. La. Oct. 7, 2026). The better course is to "refrain from entering a default judgment until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Id.* (collecting cases).

Here, a default judgment against Cartwright and Kurtz would conflict with the defenses of Sheriff Woods and Warden Locke and risk an inconsistent judgment on the merits. Craft alleges that Cartwright and Kurtz orchestrated or failed to protect him from a beating and scalding at the hands of other inmates on July 3, 2019. Record Document 1 at 4. He asserts federal and state claims against both guards. *Id.* at 8. He also seeks to hold Sheriff Woods and Warden Locke liable for the guards' conduct, both vicariously and for their own failures, like inadequate training and supervision. *See, e.g.*, *id.* at 7-8.

Sheriff Woods and Warden Locke dispute nearly all of it. They admit that Craft was an inmate and was attacked, but they deny the rest of his account, including his damages. Record Document 10 at 3-4. If they prevail on the merits, by proving that the attack did not unfold as Craft claims or that his injuries were less severe than he pleaded, a default judgment against Cartwright and Kurtz would already have found otherwise. That is the "unseemly and absurd" result that this Court must avoid. *Escalante*, 34 F.4th at 495. Craft is not without recourse though. He may refile his motion once the claims against Sheriff Woods and Warden Locke are resolved.

## Conclusion

For the foregoing reasons, the motion for default judgment, Record Document 244, filed by Craft is **DENIED WITHOUT PREJUDICE**. Craft may refile his motion after the claims against the non-defaulting defendants, Sheriff Woods and Warden Locke, are resolved. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE