**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| JASON CRAFT | CIVIL ACTION NO. 20-0853 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| PARISH OF JEFF DAVIS, ET AL. | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM RULING**

Before the Court is a motion for leave to amend the complaint, Record Document 225, filed by the plaintiff, Jason Craft ("Craft"), an inmate proceeding pro se. This is Craft's third attempt at amendment. Record Documents 119, 157. His previous motions to amend were denied. Record Documents 135, 196. For the following reasons, Craft's Motion for Leave to Amend, Supplement and Consolidate to Join Persons Needed for Just Adjudication of Complaint for Damages, Record Document 225, is **DENIED WITH PREJUDICE**.

**Background**

This is a civil rights action arising from the alleged beating and scalding of Craft while detained at the Jefferson Davis Parish Consolidated Jail. *See generally* Record Document 1. Craft filed his complaint more than six years ago, on July 3, 2020, and named five defendants. *Id.* at 1. The complaint alleged a variety of federal and state-law causes of action against the Parish of Jefferson Davis, Sheriff Ivy Woods ("Sheriff Woods"), Warden Dustin Locke ("Warden Locke"), and two deputies, Jason Cartwright ("Cartwright") and John Kurtz ("Kurtz"). *Id.*

Much of the pretrial litigation has finished. For example, one round of dispositive motions has already occurred. *See, e.g.*, Record Documents 41, 60, 100. All claims against the Parish of Jefferson Davis were dismissed with prejudice. Record Document 67. All federal claims against Warden Locke were dismissed with prejudice. Record Document 198. All federal claims against Sheriff Woods in his individual capacity were dismissed with prejudice. *Id.* And all federal claims against Cartwright and Kurtz in their official capacities were dismissed with prejudice. *Id.* The Court also denied Craft's own motion for summary judgment without prejudice. Record Document 194. The deadline for a second round of dispositive motions is only a month away. Record Document 200.

Discovery, and its associated motion practice, has ended.[1] The discovery deadline expired on October 19, 2026. Record Document 200. During discovery, Craft filed a motion to compel alleging that he had not received productions because of problems at the facility. Record Document 98. Sheriff Woods and Warden Locke responded and attached a copy of their production as an exhibit. Record Document 114-7. Eventually, the Magistrate Judge resolved Craft's motion, ordering the defendants to send Craft another copy of their production. *See* Record Document 135. Craft later filed another motion to compel, although he styled it as a motion for sanctions. *See* Record Document 150. The Magistrate Judge denied this motion, and

[1] Craft recently filed another motion to compel, claiming once again that he has not received discovery. *See generally* Record Document 245. Although that motion remains pending because briefing deadlines have not expired, Sheriff Woods and Warden Locke have provided ample evidence that they made the production. Record Document 250.

the undersigned affirmed that ruling when Craft appealed. Record Documents 174, 195.

The pending motion to amend is just the latest in a series. On September 16, 2024, Craft moved to amend his complaint and add nine individuals as defendants. *See* Record Document 119 at 3. These proposed defendants worked at the Parish Jail and purportedly participated in a conspiracy against Craft. *Id.* Craft alleged that he learned the identity of these individuals from a discovery production, containing an investigation report and text messages, that he received on September 4, 2024. *Id.* at 3. The motion was denied. Record Document 135. On June 5, 2025, Craft moved to amend a second time. Record Document 157. He sought to add the same nine individuals as defendants, and once again, he alleged that he only learned of their identity after receiving the September 4, 2024 discovery production. *Id.* at 39-40. The Magistrate Judge recommended denial of this motion, and three months ago, the undersigned adopted that recommendation. *See* Record Documents 173, 196.

Now, Craft has moved to amend his complaint for a third time. Record Document 225. Like his two prior attempts, Craft asks to name nine individuals as defendants and argues amendment is proper because he learned their identities after the September 2024 discovery production. *Id.* at 2.

## Analysis

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order may be modified only for good cause. *Id.*; Fed. R. Civ. P. 16(b). In evaluating whether good cause exists, federal courts "consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* The movant must demonstrate good cause before the more lenient standard of Federal Rule of Civil Procedure 15(a)(2) applies. *Id.*

Rule 15(a)(2) provides that a party may amend its pleading with leave of court and that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the standard is lenient, leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

To start, neither party addressed whether Rule 16(b) or the more lenient Rule 15(a)(2) should apply to the proposed amendment. *See generally* Record Documents 225, 239. And unfortunately, the procedural history of this case is less than clear. The original scheduling order set the amended pleading deadline for February 12, 2024.

Record Document 53 at 2. Before that deadline expired, on February 5, 2024, Craft's original counsel moved to continue the trial and all deadlines. Record Document 64. That same day, his counsel also moved to withdraw. *See* Record Document 65. About two months later, the Magistrate Judge permitted Craft's counsel to withdraw and then stayed the trial and "all proceedings." Record Documents 68, 74. The Magistrate Judge also denied Craft's motion to continue the trial and all deadlines as moot. Record Document 75. After a thorough review of the record, it appears that the amended pleading deadline was never reset after the proceedings were stayed. The Court cannot hold, therefore, that the amended pleading deadline "expired" for purposes of applying the good cause standard of Rule 16(b).

Even under the more lenient standard of Rule 15(a)(2), though, Craft's amendment fails. To start, if allowed, the amendment would substantially prejudice the present defendants, new defendants, and the Court itself. Prejudice is fact-intensive but often exists when the proposed amendment comes at an "advanced stage" and would "delay trial" or "restart a case at an earlier stage." *Cnty. of Harris, Tex. v. Eli Lilly and Co.*, No. 19-4994, 2021 WL 4427242, at *3 (S.D. Tex. Sept. 27, 2021) (collecting cases); *Garcia v. Hackman*, No. 10-311, 2011 WL 2457918, at *20 (S.D. Tex. June 16, 2011).

Amendments after discovery finished (or nearly finished) are particularly prejudicial. *See, e.g.*, *Wright v. Louisiana*, No. 21-485, 2023 WL 2612597, at *2 (E.D. La. Mar. 23, 2023) ("Defendants will undoubtedly be prejudiced by a delay of the trial, as discovery deadlines have either passed or are rapidly approaching."); *Garcia*, 2011

WL 2457918, at *20 ("A significant amount of discovery has already taken place...."); *cf. Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391-92 (5th Cir. 1981) ("Discovery had not been completed at the time of the filing of leave to amend.").

Amendments after or shortly before the dispositive motion deadline also are prejudicial. *See, e.g.*, *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) ("The prejudice to the new defendant and the delay to [existing defendant], well after the close of discovery and on the eve of summary judgment proceedings, justified the district court's denial of [plaintiff]'s motion."); *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. 2022) ("The Fifth Circuit and other courts have found prejudice when the amendment is asserted…after dispositive motions have been filed, briefed, or decided[.]").

This case has been pending for six years, and despite the hundreds of cases on this Court's docket, it is the oldest. *See* Record Document 1. It has been plagued by delays, and Craft has littered the docket with conclusory filings. *See* Record Document 199 at 2. Despite all that, the pretrial litigation has nearly reached its end. Discovery is done. *See* Record Document 200. One round of dispositive motions is finished. *See* Record Documents 41, 60, 100. And the last set of dispositive motions are due in less than a month. *See* Record Document 200.

The current defendants would suffer tremendous prejudice from amendment. Adding nine new defendants would effectively restart the case. *See, e.g.*, *Lee v. Denoux*, No. 16-16072, 2019 WL 2641286, at *6 (E.D. La. June 27, 2019) (finding prejudice where "[t]he new defendants would have to be served, would have to

respond to the amended complaint, and would have to begin the discovery process anew. Trial would inevitably be delayed."). Each new defendant would be served. Then, the defendants would need to answer or move to dismiss. Discovery would be reopened so that each new defendant could take part, and a third round of dispositive motions from each of these defendants would need to be addressed. After six years, the current defendants are entitled to a resolution of the claims pending against them, and an amendment now would undo the slow progress that has been made.

Prejudice to the new defendants would be greater still. The events at issue occurred more than seven years ago. Record Document 1 at 4. None of the proposed defendants have ever been a party, and there is no evidence that any received notice of the lawsuit. None had a reason to think about the events of that night, preserve records, locate witnesses, or prepare a defense. At this point, years after the event, each new defendant would suffer from the "revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Ord. of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49 (1944).

Furthermore, the amendment would impose a significant burden on the resources of this Court. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) ("Allowing [plaintiff] to amend his complaint would have caused considerable delay and expense for [defendant] and the court. Recognizing such costs, we are reluctant to reverse a district court's denial of amendments…."). The amendment would restart litigation that has suffered from frequent delays, conclusory filings, and discovery

problems. *See, e.g.*, Record Document 199 at 1-3. A restart like that would require the Court to, once again, drag this civil action toward a conclusion.

A continuance would not cure this prejudice. The prejudice to the current defendants and the new defendants results from the passage of time itself: stale evidence, faded memories, and continued litigation of an already old case. A continuance would only add to that delay. *See, e.g.*, *Wright v. Louisiana*, 2023 WL 2612597, at *2 ("[A] continuance will not cure this prejudice, but will instead unnecessarily delay trial…."). The Court finds, therefore, that Craft is not entitled to leave because of the prejudice that his amendment would cause.

In the alternative, leave is not proper because Craft's amendment is futile. An amendment is futile when it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is well within the district court's discretion to deny a motion to amend if its futile."). That includes claims that are time barred. *McGee v. Citi Mortgage, Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017) ("[T]he proposed amendment was futile because the claims would be barred by the applicable statutes of limitation…."). "The statute of limitations for a suit brought under [42 U.S.C.] § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Louisiana, for claims arising before July 1, 2024, the statute of limitations is one year. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

Federal law governs "when a § 1983 claim accrues." *Jacobsen*, 133 F.3d at 319. A claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis for the action." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016). In his amendment, Craft asserted federal claims for failure to treat, failure to protect, and failure to intervene arising from the alleged beating he suffered on July 3, 2019. *See, e.g.*, Record Document 225-2 at 8-9. He also pleaded similar claims under state law. *Id.* The statute of limitations for Craft's amended claims began on the day of his alleged beating, July 3, 2019, because he knew of the injuries, and the claims expired one year later, July 3, 2020. *See, e.g.*, *Aldrich v. Goodwin*, No. 09-473, 2009 WL 2231656, at *2 (W.D. La. July 23, 2009) (finding failure-to-protect claims arising from prisoner beatings that occurred more than one year before the original complaint time barred). On their face, then, Craft's claims are time barred.

In response, Craft attempts to circumvent the untimeliness of his claims and argues that they "relate back to the original complaint." Record Document 225 at 2. But when an amendment adds a new defendant, the claim relates back only if the "added defendant received adequate notice of the original lawsuit and that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019). Relation back "is meant to correct a mistake concerning the identity of the party[,]" and "does not allow an amended complaint adding new defendants to relate back if the newly added defendants were not named

originally because the plaintiff did not know their identities." *Id.* (internal quotations omitted).

Here, nothing in the record shows that any of the new defendants received notice of the original complaint. *See generally* Record Document 225. Moreover, by his own admission, Craft added defendants because he did not know their identities when he filed the original complaint. *Id.* at 2 ("…new defendants that could not have been known prior to receipt of discoveries[.]"). That is not a "mistake" that the relation-back doctrine can fix. *See Winzer*, 916 F.3d at 471 ("[F]ailing to identify individual defendants cannot be characterized as a mistake.") (cleaned up); *Mornes v. Valdez*, 414 F. Supp. 3d 888, 891 (N.D. Tex. 2019) ("Plaintiff alleges that he only recently learned of [proposed defendant]'s identity, not that he was mistaken as to her identity. Thus, the relation-back doctrine does not apply.").

In sum, Craft asks to add nine new defendants to a six-year-old case, more than seven years after the events at issue. The amendment fails under even the lenient standard of Rule 15(a)(2). Allowing it now, with discovery closed and dispositive motions nearly complete, would effectively restart this litigation. That would unduly prejudice the current defendants, the nine proposed defendants, and the Court. Alternatively, the amendment is futile. Craft's claims against the proposed defendants prescribed in July 2020. The claims do not relate back to the original complaint, because Craft's failure to name these defendants was not a mistake about their identities.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend, Supplement and Consolidate to Join Persons Needed for Just Adjudication of Complaint for Damages, Record Document 225, is **DENIED WITH PREJUDICE**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 28th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE